IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                    Case No. 6:23-cr-00062 KWR

MASON ANTHONY WILSON,

    Defendant.

## ORDER SUSTAINING OBJECTION TO PSR

THIS MATTER comes before the Court upon Defendant's Objection to the PSR **(Doc. 107)**. For the reasons stated below, the Court SUSTAINS Defendant's objection to the PSR.

Defendant was found guilty by a jury of the following two counts:

Count I: Child Abuse in Indian County, in violation of 18 U.S.C. § 1151, § 1153

and 21 O.S. § 843.5(A).

Count II: Child Neglect in Indian County, in violation of 18 U.S.C. §§ 1151, 1153

and 21 O.S. § 843.5(C).

Doc. 110 at 1.

The PSR found that pursuant to USSG § 2X5.1 no analogous offense guideline applied. Therefore, the PSR determined that no guideline was applicable, and instead the 18 U.S.C. § 3553(a) factors controlled. PSR, Doc. 110 at ¶¶ 31, 32.

Defendant objects to the PSR's finding pursuant to USSG § 2X5.1 that there is no analogous guideline to the child abuse conviction under Count I.[1] Defendant asserts that the Court should instead find there is an analogous guideline, USSG § 2A2.2 (aggravated assault).[2] As explained below, the Court agrees with Defendant and finds that USSG § 2A2.2 (aggravated assault) is an analogous guideline and is applicable to Count I.

In calculating the guideline range, the Court must "begin by selecting the applicable Guidelines provision, if one exists, for the offense of conviction." *United States v. Clark*, 981 F.3d 1154, 1162 (10th Cir. 2020), U.S.S.G. § 1B1.2(a). If "'the offense is a felony for which no guideline expressly has been promulgated' by the Sentencing Commission, a district court must 'apply the most analogous offense guideline.'" *United States v. Clark*, 981 F.3d 1154, 1162 (10th Cir. 2020), *quoting* U.S.S.G. § 2X5.1.

"To comply with the directives of § 2X5.1, a district court must first determine whether *any* guideline, and there can be more than one, is sufficiently analogous to the defendant's crime of conviction. Whether there is a sufficiently analogous guideline to a particular crime is generally a task of comparing the elements of the defendant's crime of conviction to the elements of federal offenses already covered by a specific guideline. The determination on this point is a purely legal one, and the district court need not consider the underlying factual circumstances of the defendant's

---

[1] Defendant does not object to the PSR's determination that there is no analogous guideline applicable to the child neglect conviction under Count II. The Tenth Circuit has held there is no analogous guideline applicable to the same Oklahoma child neglect statute at issue here under Count II, Okla. Stat. Ann. Tit. 21, § 843.5(C). *See United States v. Clark*, 981 F.3d 1154, 1162–65 (10th Cir. 2020).

[2] Defendant expressly requests the Court apply the aggravated assault guideline (USSG § 2A2.2), and does not request the Court apply the assault guideline (USSG § 2A2.3). Even assuming the assault guideline were appropriate, under a cross-reference the assault guideline directs the Court to apply the aggravated assault guideline under the facts of this case. *See* USSG § 2A2.3(c)(1) ("if the conduct constituted aggravated assault, apply § 2A2.2.").

case." *United States v. Clark*, 981 F.3d 1154, 1162 (10th Cir. 2020) (internal quotation marks and citations omitted), *citing United States v. Nichols*, 169 F.3d 1255, 1270–71 (10th Cir. 1999) (emphasis in original). "If there are two or more analogous guidelines, the district court must then determine which of the[ ] [available] guidelines [is] the *most* analogous. If no sufficiently analogous guideline exists, the [district] court is directed to sentence without reference to a specific guideline or guideline range, as provided in 18 U.S.C. § 3553(b)." *Clark,* 981 F.3d at 1162. (citations and quotation marks omitted). "[A] perfect match of elements is not necessary (or even expected)." *Id.* at 1163. Rather, "the proffered guideline need only be within the same proverbial 'ballpark' as the offense of conviction." *Id.*

Therefore, the Court must first compare the elements of crime at issue and the elements of the proposed guideline. The defendant is charged in Count One of the Indictment with Child Abuse in Indian Country, in violation of Title 18, United States Code, Sections 1151 and 1153, and Title 21, Oklahoma Statutes, Section 843.5(A). The Major Crimes Act (MCA) provides that "[a]ny Indian who commits against the person ... of another Indian ... felony child abuse or neglect ... within the Indian country, shall be subject to the same law and penalties as all other persons committing ... the ... offenses, within the exclusive jurisdiction of the United States." 18 U.S.C. § 1153(a). Because federal law does not define or directly punish "felony child abuse or neglect," the MCA provides that it "shall be defined and punished in accordance with the laws of the State in which such offense was committed." *Id*. § 1153(b). Defendant was charged with child abuse in violation of Okla. Stat. Ann. tit. 21, § 843.5(A). The relevant elements of this child abuse by injury count are as follows:

> To find the defendant guilty of this crime, you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

3

**First**: The defendant willfully or maliciously;

**Second**: injured;

**Third:** [victim], who was a child under the age of eighteen;

**Fourth**: the defendant is an Indian; and

**Fifth:** the crime took place within the Eastern District of Oklahoma in Indian Country, which is within the territorial jurisdiction of the United States.

"Willful" means a willingness to commit the act or omission referred to, but does not require any intent to violate the law or to acquire any advantage. "Malicious" means a wish to vex, annoy or injure another person.

Court's Jury Instructions, Doc. 92 at 6 (Instruction 6); *see also* Oklahoma Uniform Jury Instructions (Criminal) 4-35, 4-40D.[3] The MCA claim applied Oklahoma's child abuse statute, which provides:

> A. Any person who shall willfully or maliciously engage in child abuse, as defined in this section, shall, upon conviction, be guilty of a felony punishable by imprisonment in the custody of the Department of Corrections not exceeding life imprisonment, or by imprisonment in a county jail not exceeding one (1) year, or by a fine of not less than Five Hundred Dollars ($500.00) nor more than Five Thousand Dollars ($5,000.00), or both such fine and imprisonment.

Okla. Stat. Ann. tit. 21, § 843.5(A). The Oklahoma statute defines child abuse as:

> a. the willful or malicious harm or threatened harm or failure to protect from harm or threatened harm to the health, safety or welfare of a child under eighteen (18) years of age by a person responsible for a child's health, safety or welfare, or
>
> b. the act of willfully or maliciously injuring, torturing or maiming a child under eighteen (18) years of age by any person;

Okla. Stat. Ann. tit. 21, § 843.5(O)(1). The indictment charged as follows as to Count I:

Count 1:

Between on or about April 11, 2022 and on or about April 14, 2022, within the Eastern District of Oklahoma, in Indian Country, the defendant **MASON**

---

[3] This instruction was used at trial. It was proposed by the Government, and Defendant did not object.

>**ANTHONY WILSON**, an Indian, did willfully and maliciously injure [victim]., a child under the age of eighteen, by causing fractures and bruises to [victim]., in violation of Title 18, United States Code, Sections 1151, 1153, and Title 21, Oklahoma Statutes, Section 843.5(A)

Sealed Redacted Indictment (**Doc. 2**), filed on April 13, 2023.

Defendant argues that these elements are similar to the elements in the aggravated assault guideline, USSG § 2A2.2. The Court agrees. "Simple assault means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so." 10th Cir. Pattern Criminal Instructions, Instruction 2.09 at 90. "Aggravated assault" is defined in the Guidelines as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) an intent to commit another felony." § 2A2.2 cmt. n.1. In other words, aggravated assaults "are more serious than other assaults because of the presence of an aggravating factor, i.e., serious bodily injury; the involvement of a dangerous weapon with intent to cause bodily injury; strangling, suffocating, or attempting to strangle or suffocate; or the intent to commit another felony." § 2A2.2 cmt. background. "Serious bodily injury means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. 1B1.1 cmt. 1(m). The federal assault statute, 18 U.S.C. § 113(a), covers a wide range of "[a]ssaults within the special maritime and territorial jurisdiction." Of most relevance here are the following three subsections:

> (5) Simple assault [i.e., offensive touching], by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.
> (6) Assault resulting in serious bodily injury, by a fine under this title or imprisonment for not more than ten years, or both.

5

>    (7) Assault resulting in substantial bodily injury to a spouse or intimate partner, a dating partner, or an individual who has not attained the age of 16 years, by a fine under this title or imprisonment for not more than 5 years, or both.

18 U.S.C. § 113(a)(5)–(7). The phrase "serious bodily injury" is defined to mean "bodily injury" (including "physical pain" and "illness") that involves:

>    (A) a substantial risk of death;
>    (B) extreme physical pain;
>    (C) protracted and obvious disfigurement; or
>    (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty

18 U.S.C. § 1365(h)(3); *see* 18 U.S.C. § 113(b)(2). The phrase "substantial bodily injury" is in turn defined to mean "bodily injury" that "involves ... (A) a temporary but substantial disfigurement; or (B) a temporary but substantial loss or impairment of the function of any bodily member, organ, or mental faculty ...." 18 U.S.C. § 113(b)(1). The Tenth Circuit has held that "assault under § 113(a)(6) include[s] (a) the defendant committed an assault, and (b) the victim suffered serious bodily injury*." United States v. Clark*, 981 F.3d 1154, 1165 (10th Cir. 2020), *citing United States v. Zunie*, 444 F.3d 1230, 1233 (10th Cir. 2006) (citing 18 U.S.C. §§ 113(a)(6) and 1153). The Tenth Circuit has also "defined assault in § 113(a) 'as either an attempted battery or as placing another in reasonable apprehension of immediate bodily harm.' " *United States v. Muskett*, 970 F.3d 1233, 1241 (10th Cir. 2020) (quoting *United States v. Hathaway*, 318 F.3d 1001, 1008 (10th Cir. 2003)).

Comparing the elements of Oklahoma's child abuse statute and the elements of the aggravated assault guideline (USSG § 2A2.2), it is clear that Oklahoma's child abuse statute (§ 843.5(A)) and the aggravated assault guideline are sufficiently analogous. As noted in *Clark*, "a perfect match of elements is not necessary (or even expected)." 981 F.3d. at 1163. Rather, "the proffered guideline need only be within the same proverbial 'ballpark' as the offense of conviction." *Id.* Here, both the statute and the Guidelines include as central elements that defendant

intentionally injured the victim. The child abuse statute could be viewed as more expansive than that, also allowing for criminal liability for either willfully injuring a child *or* failing to protect a child from harm. *See* Okla. Stat. Ann. tit. 21, § 843.5(O)(1) (defining child abuse as "(a) the willful or malicious harm or threatened harm or failure to protect from harm or threatened harm to the health, safety or welfare of a child under eighteen (18) years of age by a person responsible for a child's health, safety or welfare, or (b) the act of willfully or maliciously injuring, torturing or maiming a child under eighteen (18) years of age by any person."). But in this case a failure to protect claim was not at issue and Defendant was not charged with failure to protect, which is generally charged separately. Here, the elements instruction directed the jury that they were required to determine whether the Defendant willfully or maliciously injured the victim. Oklahoma promulgates separate jury instructions for child abuse by injury, which the Court used in this case and modified as appropriate under the MCA. OUJI-CR 4-35 (listing elements of child abuse by injury, as distinguished from child abuse by failure to protect); *see also Russell v. Bryant*, 781 F. App'x 721, 726 (10th Cir. 2019) (noting that in Oklahoma, child abuse by injury requires that the government show the following elements: (1)[defendant] willfully or maliciously engaged in; (2) injuring; (3) a child under the age of eighteen."). Therefore, the elements at issue in this case did not include a failure to protect theory. Although not exactly the same, the child abuse statute and the aggravated assault guideline are clearly in the same ballpark.

In its response to Defendant's objection, the Government focuses on distinguishing *United States v. Shell*, No. 23-5086, 2024 WL 3455033, at *1 (10th Cir. July 18, 2024). In an unpublished decision the Tenth Circuit held that an Assimilated Crime Acts case charged under the Oklahoma child abuse statute should have been brought under federal assault statutes. *United States v. Shell*, No. 23-5086, 2024 WL 3455033, at *1 (10th Cir. July 18, 2024). *Shell* noted the similarity between

the underlying crime, child abuse by injury, and the federal assault statute. *Shell* has some limited persuasive value, as the decision is based on different legal standards which are not applicable here. However, the Court did not rely upon *Shell* in reaching the above conclusion. The Court compared the elements at issue in the offense of conviction in this case with the elements of the aggravated assault guideline.

The Government also asserts that finding that USSG § 2A2.2 applies here would create a disparity with other cases in this district and the Northern District of Oklahoma which have found no analogous guidelines to child abuse by injury. The Court notes that the Government has not provided the reasoning from those cases for the court to consider for their persuasive value, or stated whether this issue was expressly litigated in those cases. In the Northern District of Oklahoma, the aggravated assault guideline has been used for a child abuse conviction. *United States v. Walker*, 74 F.4th 1163, 1177 (10th Cir. 2023) (district court found that the most analogous offense guideline to child abuse was that for aggravated assault, U.S.S.G. § 2A2.2).

Therefore, the Defendant's objection is sustained. The Court will apply the Aggravated Assault Guideline (USSG § 2A2.2) to Count I.

**IT IS SO ORDERED.**

    /S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE